UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
|  | ) Case No.: CR06-26 RSL |
| v. | ) |
|  | ) |
| SAIMON MELACU, | ) DETENTION ORDER |
|  | ) |
| Defendant. | ) |

Offenses Charged:

Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1); (b)(1)(A); and 846; and Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841 (a)(1); (b)(1)(A); (b)(1)(c) and 18 U.S.C. §2.

Date of Detention Hearing:

On August 15, 2006, the defendant made his initial appearance. On August 18, 2006, a detention hearing was held before United States Magistrate Judge James P. Donohue after which, defendant was released on an appearance bond that included restrictions that he comply with all requirements of the Global Positioning Satellite program (GPS) and not use, consume, or possess a controlled substance, unless the substance was prescribed to him by a physician. On October 10, 2006, the defendant pleaded guilty to Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841 (a)(1); (b)(1)(B) and 846. He is currently scheduled for sentencing before the

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

Honorable Robert S. Lasnik on February 2, 2007.

On October 6, 2006, Pretrial Services filed a Petition for Warrant for Defendant Under Pretrial Services Supervision, alleging that the defendant had violated the terms and conditions of his bond as follows:

1. Saimon Melacu has failed to comply with the special bond condition that he abide by all requirements of the Global Positioning Satellite program (GPS) by having unauthorized travel on or about October 3, 2006.

2. Saimon Melacu has failed to comply with the special bond condition that he abide by all requirements of the GPS program by leaving his residence without permission on or about September 29, 2006.

3. Saimon Melacu has failed to comply with the standard bond condition that he not use, consume, or possess any controlled substance without a physician's prescription by continuing to test positive for THC (marijuana) on or about September 29, 2006.

On October 17, 2006, Pretrial Services filed a Supplemental Violation Report alleging that the defendant had violated the terms and conditions of his bond as follows:

4. Saimon Melacu has failed to comply with the standard bond condition that he not use, consume, or possess any controlled substance without a physician's prescription by using Marijuana on or about October 6, 2006.

On October 24, 2006, the defendant appeared before the undersigned Magistrate Judge. He was advised of his rights in connection with the government's motion to revoke the bond. At the hearing, the defendant admitted violations 1 and 2 and denied alleged violations 3 and 4. An evidentiary hearing on violations 3 and 4 was set for November 3, 2006 to address these alleged violations. Because the defendant was ordered detained for admitted violations 1 and 2, the hearing scheduled for alleged violations 3 and 4 was stricken by agreement of counsel

After taking the admission of the defendant that he violated the pretrial bond as alleged in violations 1 and 2, the Court then considered whether the bond at issue should be revoked.

Pursuant to CrR 32.1, CrR46(c) and 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) On August 18, 2006, defendant was released on bond with pretrial supervision and special conditions.

(2) The defendant has failed to abide by the terms of his bond, and has admitted the same.

(3) The defendant has pleaded guilty to Count 1 in the Indictment.

(4) The third party custodian appointed by the Court has failed to comply with his obligations.

(5) There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings as required, and that will address the risk of the defendant's danger to the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

01  (4)  The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of October, 2006.

                    s/ James P. Donohue
                    JAMES P. DONOHUE
                    United States Magistrate Judge